IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY TYRONE POWELL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF ALABAMA and CALHOUN COUNTY CIRCUIT COURT,<br><br>Defendants. | ) | CASE NO. 2:26-cv-479-BL |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terry Tyrone Powell, an inmate proceeding *pro se* and *in forma pauperis*, initiated this action by filing a complaint on this court's standard form routinely used by inmates to file a lawsuit under 42 U.S.C. § 1983. (Doc. 1). Upon review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A,[1] and for the reasons explained below, this action will be **DISMISSED** with prejudice as time-barred and frivolous.

## I. THE COMPLAINT

The complaint alleges that, on March 15, 2004, the Plaintiff was charged with sexual misconduct, and "pleading to that charge was a class 'D' misdemeanor with

[1] Under these statutes, the court is required to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

a fine." (Doc. 1 at 3). The Plaintiff was convicted of a misdemeanor and ordered to pay a fine of $250.00. (*Id.*). On July 27, 2006, however, the laws were changed. (*Id.*). In October of 2006, when the Plaintiff attempted to renew his pistol permit, he was informed that he was now a felon and denied a permit. (*Id.*). Based on these allegations, the Plaintiff believes he was subjected to ex post facto laws and double jeopardy. (*Id.* at 2–3). For relief, he seeks "[t]he complete and unconductional [sic] expunged of this record" as well as $36,000,000 in monetary damages. (*Id.* at 4). The Plaintiff filed the complaint on or after June 11, 2026. (*Id.*).

## II. DISCUSSION

Upon consideration of the allegations in the complaint, the court concludes that the Plaintiff's claims are barred by the applicable statute of limitations. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Accordingly, to have his claims heard by this court, the Plaintiff must have brought them within two years from the date the limitations period began to run, which is generally the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."

*Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996)).

The complaint repeatedly asserts that the events the Plaintiff challenges took place from July 27, 2006 to October 31, 2006. (Doc. 1 at 2–3). Thus, by October 31, 2006, the facts supporting the Plaintiff's cause of action were apparent or should have been apparent to the Plaintiff, and the limitations period began to run. However, the Plaintiff did not file the instant action until at least June 11, 2026, nearly **<u>18 years</u>** after the limitations period expired. As such, and because the Plaintiff has provided no basis whatsoever for tolling the statute of limitations, it is clear from the face of the complaint that his § 1983 claims are time-barred and should be dismissed as frivolous. *See Smith v. Shorstein*, 217 F. App'x 877, 880 (11th Cir. 2007) ("The expiration of the statute of limitations warrants dismissing a complaint as frivolous.") (citing *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990)); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

## III. CONCLUSION

Because the complaint is time-barred, the court concludes that any amendment would be futile. *See Patel v. Georgia Dep't BHDD*, 485 F. App'x 982,

982 (11th Cir. 2012) ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal.") (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)); *see also, e.g, Bowhall v. Dep't of Def.*, No. 2:10-cv-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (noting that, because the plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).

Accordingly, for the reasons set forth above, it is **ORDERED** that this case is **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as time-barred and frivolous.

Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 24th day of August, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE